**IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 79379-9-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| CHARLES DAVID, | |
| Appellant. | |

LEACH, J. — Charles David appeals the revocation of his special sex offender sentencing alternative (SSOSA). David pleaded guilty to child molestation in the first degree. The trial court imposed a SSOSA suspended sentence and several conditions of community custody. Ten years later, the trial court revoked the SSOSA because David violated these conditions and failed to make satisfactory progress in treatment. Because substantial evidence supports the trial court's findings, that David failed to make satisfactory progress in treatment, the trial court did not abuse its discretion. We affirm.

BACKGROUND

In January 2007, Charles David turned himself into authorities and admitted to molesting his then three-year-old daughter. He also admitted to previously molesting three unrelated children. David pleaded guilty to child molestation in the first degree. The Honorable George Mattson found "an extraordinary circumstance of the defendant turning himself in to the authorities and confessing his offense and open disclosure of his prior history." The trial court imposed a SSOSA sentence and 89 months to life confinement

Citations and pincites are based on the Westlaw online version of the cited material.

and suspended all but 12 months. The SSOSA imposed five years of treatment. It required David to "make reasonable progress in, and successfully complete a specialized program for sex offender treatment with Maureen Saylor" by 2013. And, it required David to comply with conditions, like not possessing and perusing pornography, and required him to "avoid places where minors are known to congregate." Condition number 12 stated, "Honesty is demanded throughout treatment. It is a treatment rule violation to be caught in lies of omission, commission, or any other form of deception." The trial court warned David that "Failure to abide by the above described conditions shall lead to termination of sexual deviancy treatment, prompt review by the court, may lead to revocation of the SSOSA sentence, followed incarceration/imprisonment."

On February 16, 2010, the trial court modified David's sentence. It imposed 10 days custody for "having unsupervised contact and communication with a minor child," a violation of the conditions of his sentence. On April 29, 2010, the trial court imposed 45 days custody for "having unnecessary contact w/ a minor on 4/3/10; failing to disclose sexual thoughts regarding his attraction to prepubescent children to his treatment provider." And, on November 16, 2010, the trial court imposed 90 days custody for "Having unauthorized contact with [a] minor."

On April 25, 2011, the trial court imposed supplemental conditions of treatment and supervision further limiting David's contact with minors. The supplemental conditions also limited his "use of the internet to look for employment, manage finances, pay bills, and educational research" and required him to attend group meetings with "DeWaelsche & Associates."

After five years of treatment, on May 9, 2013, the trial court held a treatment termination hearing and determined that David had not successfully completed his treatment. So, the Honorable Bruce Heller extended treatment and the conditions of the suspended sentence under the SSOSA until 2015.

On April 22, 2015, David's Community Corrections Officer (CCO) reported that David violated the conditions by going to a park where minors were known to congregate. Then, on April 30, treatment providers Maureen Saylor and Dan DeWaelsche authored a report stating they were not certain whether David had successfully completed treatment. Then, Saylor and DeWaelsche terminated David's treatment. In May, the trial court again determined that David had not successfully completed treatment and extended the terms and conditions for one year.

In October 2015, the State asked the court to revoke David's SSOSA for violating his conditions and failure to make progress. The DOC agreed and found David to be at a "high risk of reoffending." The parties then agreed to conditions of reentry, requiring David to participate in treatment with DeWaelsche. David acknowledged the agreed conditions and he acknowledged that:

> If he does not meet the standards of behavior and participation of Mr. DeWaelsche's program, has one unexcused absence from a treatment session, deviates from the payment plan established by Mr. DeWaelsche, does not present homework assignments on the day they are due, or commits any violations of treatment or supervision, he will be immediately terminated from treatment, the Court will immediately order a no-bail bench warrant for the defendant's arrest, and the State will recommend revocation of his suspended sentence.

Between 2016 and 2018, David continued to violate his conditions, including letting his GPS monitoring system run out of battery power, engaging in sexual behavior with an

adult girlfriend without notifying his therapist, watching nudity, accessing restricted websites, and masturbating after seeing children in a public restroom. David also excessively called his CCO. So, the trial court extended David's treatment completion date and imposed additional days of confinement.

To comply with a DOC treatment condition, David kept a journal. On July 6, 2018, David wrote in his journal, that while masturbating, he had a deviant thought about his daughter. When questioned about this by his CCO, David admitted that while he was masturbating he thought about his daughter to the point of ejaculation. David told his CCO that he wanted to reunite with his daughter.

On August 6, the DOC administered a pre-polygraph interview. During the interview, David admitted to having sexual thoughts about minors, but he also said he used the methods he learned in treatment to deal with his feelings. David admitted to thinking about his daughter while masturbating to the point of ejaculation. The polygraph was administered on July 26, and the polygrapher found deception on the following questions:

> Since your last test, other than what you told me, have you masturbated while having prolonged thoughts involving minors?
>
> Since your last test, other than what you told me, have you masturbated while having prolonged thoughts involving your victim?
>
> Since your last test, have you ejaculated while having thoughts involving minors?

DeWaelsche testified that the polygraph results were inconsistent with David's previous disclosures. On August 9, the DOC submitted a notice of violation alleging David failed

to follow conditions of the SSOSA by masturbating and asked the trial court to revoke his SSOSA.

The Honorable Kristin Richardson held violation hearings in October and November. David and the State jointly proposed a 90-day sentence. The DOC and David's current CCO recommended revocation.[1] The trial court asked DeWaelsche whether he had a position on revocation and he said, "I really don't." But, DeWaelsche expressed concerns with David's progress and poor decision-making. He explained that while David is amenable to treatment, "if he were allowed to come back into treatment, if there was another violation, I would terminate him immediately." David asked the court to extend treatment under his SSOSA rather than revoke it. The trial court expressed concern, "I've gone through the entire file back to 2008. And he—Mr. David has been given chance after chance. He's been terminated from therapy; he was put back in. He's been close to de-escalation twice, and then he continues to violate after that."

On November 13, 2018, the trial court revoked David's SSOSA. The trial court determined that David failed to make satisfactory progress in sexual deviancy treatment and failed to follow treatment guidelines. The trial court determined that "Over the years, the defendant has had multiple violations of his community custody and/or treatment rules" and has been given multiple chances. The trial court made these findings of fact:

> 11. The defendant's treatment end date has been extended after violations in 2015, 2016, and 2017. His treatment provider testified in the revocation hearing November 12, 2018, that he would terminate the defendant from treatment if he had one more violation. The court has been saying that for

[1] "He's not moving forward; he's not making progression. So, at this point we feel like he's a risk to the community, specifically to the victim, because he's trying to reunify with her at some point." "[W]e have exhausted all of our resources to accurately supervise him."

8 years, but with repeated change of judges, defense attorneys, and prosecutors over the years, the defendant has never been held to that standard.

12. Defendant has been in treatment some 10 years. He has repeatedly violated the terms of his suspended sentence. He is not making satisfactory progress in treatment and, in fact, appears to be going backward. Revocation of his SSOSA sentence is warranted.

It imposed the original intermediate sentence of 89 months to life.

David appeals.

## ANALYSIS

David contends the trial court abused its discretion in revoking his SSOSA. He challenges the trial court's findings that he had "never been held to [the one more violation] standard" and that he was "not making satisfactory progress in treatment."

We review findings of fact for substantial evidence. Substantial evidence is "a quantum of evidence sufficient to persuade a rational fair-minded person the premise is true."[2]

Nearly every year since 2010, the trial court has extended David's SSOSA and imposed supplemental conditions because he violated conditions and had not successfully completed his treatment. The lengthy record provides substantial evidence to support the trial court's findings that David was "not making satisfactory progress in treatment" after he was given numerous chances to do so.

SSOSA

The Sentencing Reform Act of 1981, chapter 9.94A RCW, provides a trial court with discretion to revoke "a SSOSA sentence whenever the defendant violates the

---

[2] Sunnyside Valley Irrigation Dist. v. Dickie, 149 Wn.2d 873, 879, 73 P.3d 369 (2003).

conditions of the suspended sentence or the court finds the defendant is failing to make satisfactory progress in treatment."[3]  A trial court abuses that discretion when it makes a manifestly unreasonable decision, exercises on untenable grounds or for untenable reasons.[4]

David contends the record establishes that he was making progress and regularly attending and actively participating in treatment programs.  But, attendance and participation do not necessarily equate to satisfactory progress in treatment.  While DeWaelsche did not take a position on revocation, he did express concerns with David's progress.  DeWaelsche did not say that he expected any benefit from David continuing in the SSOSA program.  Instead, he said, "if there was another violation, I would terminate him immediately."

David contends that his honesty reflects his effort to adhere to his treatment conditions.  But, his polygraph revealed deception and his answers were inconsistent with his statements to DeWaelsche.  The trial court revoked David's SSOSA partly because he lied about his thoughts, which was a violation of his conditions.

David also contends the trial court abused its discretion when it terminated treatment before the one last chance DeWaelsche testified that he would give David if he returned to treatment.  But, the record reflects that David repeatedly violated other conditions of his sentence and failed to make satisfactory progress in treatment.  When Judges Heller and Judge Richardson modified David's sentence, they warned him of the

---

[3] State v. McCormick, 166 Wn.2d 689, 698, 705-06, 213 P.3d 32 (2009).
[4] State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

conditions of his sentence, imposed additional conditions, and extended his treatment. In 2015 and 2018, the State and DOC asked the trial court to revoke David's SSOSA. The trial court did not abuse its discretion in revoking the SSOSA based on David's recent violation and his numerous previous violations.

Because substantial evidence establishes that David has not made satisfactory progress in treatment, the trial court did not abuse its discretion when it revoked his SSOSA and imposed the suspended sentence. So, we affirm.

## CONCLUSION

Substantial evidence supports the trial court's finding that David failed to make satisfactory progress in treatment. The trial court did not abuse its discretion when it revoked the SSOSA. We affirm.

_Leach, J._

WE CONCUR:

_Chun, J._               _Mann, C.J._